# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN N. FOX & NORA FOX JTWROS, individually and on behalf of all others similarly situated, § § § § § § § Plaintiffs, § § v. § § UNITED DEVELOPMENT FUNDING § III, L.P., UMT SERVICES, INC., UMTH § GENERAL SERVICES, L.P., UMTH § LAND DEVELOPMENT, L.P., UMT § HOLDINGS, L.P., HOLLIS M. § GREENLAW, TODD ETTER, CARA D. § OBERT, and BEN L. WISSINK, § § § § Defendants. § | Civil Action No. 4:20-cv-00150-O |

## ORDER

WHEREAS, a class action is pending in this Court entitled *Steven N. Fox & Nora Fox JTWROS v. United Development Funding III, et al.*, (the "Action");

Lead Plaintiffs Stephen N. Fox and Nora Fox, JTWROS ("Lead Plaintiffs"), on behalf of themselves and the Class, and (b) defendants United Development Funding III, L.P. ("UDF III"), UMT Services, Inc., UMTH General Services, L.P., UMTH Land Development, L.P., UMT Holdings, L.P. (together, the "UDF Entity Defendants"), Hollis M. Greenlaw, Todd Etter, Cara D. Obert, and Ben L. Wissink (collectively, and together with the UDF Entity Defendants, the "Defendants" and, together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 5, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated January 25, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members and approved the Notice and the Proof of Claim / Statement of Eligible Units form in the forms attached as Exhibits A-1 and A-2, respectively, to the Stipulation; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 13, 2021 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Jurisdiction – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. Incorporation of Settlement Documents – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 5, 2021; and (b) the Notice filed with the Court on January 5, 2021.

3. Class Certification for Settlement Purposes – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class consisting of all Persons who or which purchased units of interest in UDF III pursuant to the DRIP between November 21, 2013 through November 21, 2018, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) Defendants, their officers and directors as applicable, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; and (ii) those Persons who are found by the Court to have timely and validly requested exclusion from the Class.

4. Adequacy of Representation – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs as class representatives for the Class and appoints Lead Counsel as class counsel for the Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. Notice – The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (vii) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (viii) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. Final Settlement Approval and Dismissal of Claims – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. Binding Effect – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim / Statement of Eligible Units form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. Releases – The Releases set forth in paragraphs 4 through 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly

incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants' Released Persons, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Released Persons.

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person(s) claiming on their behalf, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs' Released Persons, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Released Persons.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10. As of the Effective Date of the Settlement, each person who has given any release pursuant to the foregoing ¶ 9 shall: (i) be deemed to have agreed to a covenant not to sue corresponding to the release given by such person; and (ii) shall be permanently enjoined from prosecuting any claim that such person has released.

11. The Court (and in particular the Honorable Reed O'Connor, if available, and otherwise any other duly assigned Judge presiding in the Court) shall retain full, complete, and exclusive

authority to interpret and enforce the permanent injunction set forth in the foregoing paragraph, and Lead Plaintiffs and all Class Members expressly waive all rights to seek any adjudication concerning the permanent injunction in any forum other than the Court.

12.   Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment. Furthermore, notwithstanding anything stated anywhere herein, the Defendants are not by the Settlement contemplated herein releasing Defendants' Carved Out Claims, which consist of any and all claims by or on behalf of any Defendant: (i) relating to the enforcement of the Stipulation of Settlement or its terms or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; (ii) arising from or relating to the claims set forth in *United Development Funding, L.P. et al. v. J. Kyle Bass et al.*, Dallas County Court No. CC-17-06253-B (filed November 28, 2017) as such claims currently exist, or as they may be amended; (iii) against NexPoint Advisors, L.P. and its affiliates, including but not limited to NexPoint Strategic Opportunities Fund; and (iv) arising from or relating to the claims set forth in *Greenlaw et. al. v. Klimek, et. al*., Case 4:20-cv-00311 (E.D. Tx. 2020) as such claims currently exist, or as they may be amended; and (v) any and all claims, suits, or actions brought pursuant to the Federal Tort Claims Act by or on behalf of any Defendant. Nothing herein shall be interpreted as limiting or affecting Defendants' Carved Out Claims in any way.

13.   Claim Bar  – All statutory or common law claims, including claims for indemnity or contribution, by any Person against any of the Releasees, arising from the Settlement, shall be permanently barred, extinguished, discharged and satisfied; provided, however, that this Judgment shall not bar any contribution claim by a Defendant against any Releasee whose liability for the Released Claims has been extinguished by the Settlement.  Any final verdict or judgment that might be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any Person based upon or arising out of any Released Claim shall be reduced, prior to entry of judgment, by the greater of (i) the amount that corresponds to the percentage of responsibility for the damages caused

to the Settlement Class or the Settlement Class Member assigned to any Releasee; or (ii) the amount paid to the Settlement Class by or on behalf of each such Releasee.

14. Rule 11 Findings – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. No Admissions – Neither this Judgment, the confidential Memorandum of Understanding ("MOU") or other settlement papers between the Parties, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a) shall be offered against any of the Defendants' Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Persons or in any way referred to for any other reason as against any of the Defendants' Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (b) shall be offered against any of the Plaintiffs' Released Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Released Persons that any of their claims are without merit, that any of the Defendants' Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as

against any of the Plaintiffs' Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. Retention of Jurisdiction – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the class distribution order; and (f) the Class Members for all matters relating to the Action.

16. Modification of the Agreement of Settlement – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. Termination of Settlement – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by

the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of as of the date immediately prior to the execution of the Stipulation, as provided in the Stipulation.

18. Entry of Final Judgment – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

19. Plaintiffs' Counsel are hereby awarded $[705,000], or [30%] of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $[6,339] in reimbursement of out-of-pocket expenses. The Lead Plaintiff is hereby awarded $[4,800], which the Court finds to be fair and reasonable. All amounts awarded by the Court in this paragraph are to be paid from (and out of) the Settlement Fund. Plaintiffs' Counsel may withdraw the expense and lead plaintiff awards immediately from the Settlement Fund, and may withdraw [30%] of each of the five Settlement Amount installments when paid into the Settlement Fund pursuant to the payment terms set forth in the Stipulation of Settlement. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**SO ORDERED** on this **13th day of May, 2021.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**

EXHIBIT 1

| ACCOUNT | NAME | NAME 2 |
|---|---|---|
| 4281 | TRUST MANAGEMENT INC CUST | FBO MICHAEL PHILLIPS IRA |
| 10005396 | NATIONAL FINANCIAL SERVICES LLC | CUST FBO MICHAEL J DRURY R/O IRA |
| 20021228 | NATIONAL FINANCIAL SERVICES LLC | FBO MICHAEL J DRURY |
| 5396 | MICHAEL J DRURY | |
| 7362 | PERSHING LLC | FBO CHERYL A CANNON IRA |
| 20023873 | WILLIAM M NYQUIST TTEE | WILLIAM M NYQUIST LIVING TR |
| 1431 | EVELYNE N MINDES TTEE | EVELYNE N MINDES TRUST |
| 7607 | TD AMERITRADE CLEARING INC CUST | FBO MARTIN J OLOUGHLIN IRA |
| 7922 | PERSHING LLC CUST | FBO JEFFREY S NEMHAUSER ROTH IRA |
| 6046 | PERSHING LLC | FBO LINDA CHENEY IRA |
| 10004292 | NATIONAL FINANCIAL SERVICES LLC | CUST FBO DENISE L EISELE IRA |
| 4292 | NATIONAL FINANCIAL SERVICES LLC | FBO DENISE L EISELE ROTH IRA |
| 10004291 | NATIONAL FINANCIAL SERVICES LLC | FBO KENT W EISELE IRA |
| 4291 | NATIONAL FINANCIAL SERVICES LLC | FBO KENT W EISELE ROTH IRA |
| 2195 | MAINSTAR TRUST | FBO STEPHEN J SCHAAF ROTH IRA |
| 8157 | IRA RESOURCES INC | FBO DONALD D WRAGG IRA |
| 6653 | TMICO CUST | FBO STEWART H NEWMAN IRA |
| 6293 | STEWART H NEWMAN & | LISA A NEWMAN JTWROS |
| 9 | ROGER A SHAMMAS TTEE | ROGER A SHAMMAS REV TRUST |
| 4314 | PERSHING LLC CUST | FBO CARA M HARMS ROTH IRA |
| 2 | EQUITY TRUST CO DBA STERLING TRUST | FBO JOSEPH A BLOEDEL IRA |
| 4640 | NATIONAL FINANCIAL SERVICES LLC | FBO ALVIN WAYNE PETTIS IRA |
| 10004640 | NATIONAL FINANCIAL SERVICES LLC | FBO ALVIN WAYNE PETTIS IRA |
| 7645 | EQUITY TRUST COMPANY CUST | FBO BURT N WEINSTEIN ROTH IRA |
| 4030 | EQUITY TRUST CO DBA STERLING TRUST | FBO BRIAN T O'CONNOR IRA |
| 4036 | EQUITY TRUST CO DBA STERLING TRUST | FBO GAIL M OCONNOR IRA |
| 5845 | PERSHING LLC CUST | FBO GERALD L HUTCHINS IRA |
| 6469 | JOANN D GALLAGHER & | ANDREW J GALLAGHER JTWROS |
| 10006986 | PERSHING LLC | FBO ANDREW J GALLAGHER IRA |
| 6986 | PERSHING LLC | FBO ANDREW J GALLAGHER ROTH IRA |
| 9043 | PERSHING LLC | FBO JOANN D GALLAGHER IRA |
| 3807 | NATIONAL FINANCIAL SERVICES LLC | FBO JOE DANIEL NELSON JR IRA |
| 3985 | NATIONAL FINANCIAL SERVICES LLC | FBO SANDRA NELSON IRA |
| 6207 | TD AMERITRADE CLEARING INC CUST | FBO MARCIA A KING IRA |
| 20022413 | STEVE D KALIN TTEE | KALIN FAMILY 2000 TRUST |

| | | |
|---|---|---|
| 6565 | PERSHING LLC CUST | FBO DONALD G SHATINSKY ROTH IRA |
| 7342 | EQUITY TRUST CO DBA STERLING TRUST | FBO SUZANNE S BALOGH ROTH IRA |
| 4412 | EQUITY TRUST COMPANY CUST | FBO W BENJAMIN PRESCOTT IRA |
| 3663 | NATIONAL FINANCIAL SERVICES LLC | FBO MICHAEL C SHEEHAN IRA |
| 20024034 | JENNIFER S MARTIN | SUBJECT TO TOD RULES |
| 3698 | EQUITY TRUST COMPANY CUST | FBO MICHAEL J WINN ROTH IRA |
| 3338 | PERSHING LLC CUST | FBO HERBERT C YUE ROTH IRA |
| 1710 | PERSHING LLC CUST | FBO MERLIN DALE RAISBECK ROTH IRA |
| 3879 | EQUITY TRUST COMPANY CUST | FBO LINDA F PATRICK ROTH BENE IRA |
| 10003879 | EQUITY TRUST COMPANY CUST | FBO LINDA F PATRICK ROTH IRA |
| 3708 | EQUITY TRUST CO DBA STERLING TRUST | FBO KAREN J WINN IRA |
| 5785 | EQUITY TRUST CO DBA STERLING TRUST | FBO DENNIS J LUKOVITCH IRA |
| 3762 | EQUITY TRUST CO DBA STERLING TRUST | FBO MARY ANN VANASSE IRA |
| 4960 | PERSHING LLC | FBO ROY A LUBER IRA |
| 7005 | PERSHING LLC CUST | FBO JESSICA GILLING ROTH IRA |
| 7933 | MICHELE BREYTON POWELL | |
| 7100 | PERSHING LLC CUST | FBO MARK E KINNEY IRA |
| 8839 | PERSHING LLC | FBO CLYDE B CREBS IRA |
| 4080 | Equity Trust Company | FBO John Lartaud |
| 9318 | Millennium Trust Company | FBO Kathleen Murray IRA |
| 20026437 | Millennium Trust Company | FBO Bobbie J Baldwin Roth IRA |
| 20025034 | Tara Thorsen | |
| 5312 | Millennium Trust Company | FBO Kendrick Bagwill Roth IRA |